UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROBIE ERNEST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC,<br><br>　　　　Defendant. | Case No. 4:24-cv-02109-JD<br><br>**ORDER RE TRO** |

　　　　Plaintiff Frobie Ernest alleges that defendant Select Portfolio Servicing, Inc. (SPS) mishandled a forbearance request for a residential mortgage on Ernest's home. On April 8, 2024, he filed a complaint and an application for a temporary restraining order to stop a trustee's sale scheduled for April 10, 2024. Dkt. No. 1 (complaint); Dkt. No. 7 (TRO application). The parties' familiarity with the record is assumed, and a TRO is denied.

　　　　The reasons for the denial are straightforward. Although Ernest styled the application as "ex parte," he filed a declaration describing efforts to give notice to SPS. *See* Dkt. No. 7-2 ¶¶ 2, 3. Consequently, the Court will evaluate the application as a noticed motion under the standards for a preliminary injunction, which is a more generous approach than afforded by a true ex parte application. *See Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-6071-JD, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 Fed. App'x. 561 (9th Cir. 2017).

　　　　The Court has written extensively on the governing standards, and incorporates those discussions here. *See Your Town Online, Inc., v. All Tribal Networks, LLC*, Case No. 21-cv-044412-JD, 2021 WL 2894138, at *1 (N.D. Cal. July 9, 2021). In pertinent part, an injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

1   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."
2   *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555
3   U.S. at 20). Alternatively, a preliminary injunction may issue where "serious questions going to
4   the merits were raised and the balance of hardships tips sharply in plaintiff's favor," if the plaintiff
5   "also shows that there is a likelihood of irreparable injury and that the injunction is in the public
6   interest." *Id.* at 1135. This reflects our circuit's "sliding scale" approach, in which "the elements
7   of the preliminary injunction test are balanced, so that a stronger showing of one element may
8   offset a weaker showing of another." *Id.* at 1131; *see also Arc of California v. Douglas*, 757 F.3d
9   975, 983 (9th Cir. 2014).

10   Ernest has not demonstrated irreparable harm or a good reason for an injunction based on
11   the merits. With respect to irreparable harm, the complaint makes it abundantly clear that Ernest
12   has known for many months that SPS considered him to be in default on his loan payments, and
13   that his retention of ownership of the property was in question. Among other facts, the complaint
14   states that Ernest's loan forbearance claims originated during the COVID-19 pandemic, Dkt. No. 1
15   ¶¶ 18-23, and that a notice of default was recorded on July 11, 2023, *id.* ¶ 27. A notice of a
16   trustee's sale was recorded on February 29, 2024. *Id.* ¶ 30. In effect, he has known for nine
17   months that he was considered to be in default on the mortgage, and has known for over one
18   month about the trustee's sale.

19   Even so, Ernest waited until April 8, 2024, at 5:52 p.m., to file the TRO application for a
20   trustee sale scheduled less than 48 hours later, on April 10, 2024, at 1:00 p.m. Why he waited
21   until the last minute is not explained. The application is utterly silent on why the delay might be
22   excusable. This seriously undercuts the demonstration of imminent harm required for the
23   extraordinary relief of an injunction. *See Lingareddy v. Rubicon Mortg. Fund, LLC*, No. 23-cv-
24   06467-JD, 2023 WL 8879254, at *2 (N.D. Cal. Dec. 22, 2023); *Anonomatic Inc. v. Skyflow Inc.*,
25   No. 22-cv-01469-JD, 2023 WL 149054, at *2 (N.D. Cal. Jan. 10, 2023); *Lydo Enterprises, Inc. v.
26   City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984).

27   Ernest's showing on the ostensible merits is equally uncompelling. In the main, Ernest's
28   claims sound in fraud because he alleges that SPS misrepresented its forbearance policy. *See, e.g.*,

2

Dkt. No. 1 ¶¶ 58, 59, 72, 79, 85.  The problem is that the complaint falls far short of providing facts that "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see also McLellan v. Fitbit, Inc.*, No. 16-cv-00036-JD, 2018 WL 2688781 (N.D. Cal. June 5, 2018).  For example, Ernest says SPS provided incorrect information about the forbearance program, *see* Dkt. No. 1 ¶ 21, but the complaint presents only Ernest's own understanding of the program's terms, and not any facts about what SPS may have said, and when.  This lack of necessary detail runs throughout the complaint.

The suggestion that Ernest could not get forbearance information from SPS in violation of Section 2923.7 of the California Civil Code is at odds with the facts in the complaint.  The complaint states that he obtained from SPS two separate reinstatement quotes to avoid foreclosure, and that he "requested a more affordable payment option" from SPS, which was denied.  *Id.* ¶¶ 29, 31.  With respect to the claim that SPS violated Section 2924 of the California Civil Code by refusing an offer of payment of the delinquent mortgage, the complaint alleges, again in contrary fashion, that Ernest was not able to make mortgage payments or pay amounts quoted in SPS's reinstatement quotes.  *Id.* ¶¶ 29, 31.

Overall, Ernest is a day late and a dollar short on a good reason for the issuance of a TRO.  A TRO is denied.

**IT IS SO ORDERED.**

Dated: April 10, 2024

JAMES DONATO
United States District Judge